# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-990V
(not to be published)

| | |
|---|---|
| BARBARA STOLIKER,<br><br>　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: March 24, 2021<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*Leah VaSahnja Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Alexa Roggenkamp*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On July 21, 2017, Barbara Stoliker filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right Shoulder Injury Related to Vaccine Administration as a result of an influenza vaccine administered on September 30, 2014. (Petition at 1). On August 7, 2020, a decision was issued awarding compensation to Petitioner in the amount of $121,119.77. (ECF No. 92).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated February 28, 2021 (ECF No. 99), requesting a total award of $94,999.07 (representing $93,001.40 in fees and $1,997.67 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. (*Id.* at 2). Respondent reacted to the motion on March 8, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 100). On March 8, 2021, Petitioner filed a reply requesting fees and costs be awarded in full. (ECF No. 101).

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

A. <u>Hourly Rates</u>

Petitioner requests the following rates: for attorney Leah Durant; $365 for time billed in 2017; $377 for time billed in 2018; $380 for time billed in 2019; $395 for time billed in 2020 and $420 per hour for 2021. For attorney Mike Milmoe; $455 for time billed in 2018; $464 for time billed in 2019 and $484 for time billed in 2020. And for attorney Kate Coleman the rates of $425 per hour for 2020 and $435 per hour for 2021. The rates requested for Ms. Durant and Mr. Milmoe have been previously reviewed in other cases and deemed appropriate and shall be awarded in this matter as well. But adjustments are needed for the rates requested regarding Ms. Coleman, due to her inexperience in the Vaccine Program.

Ms. Coleman has been a practicing attorney since 1991, placing her in the range of attorneys with 20 – 30 years of experience. Additionally, Ms. Coleman is also a registered nurse, amplifying the appropriateness of allowing her a rate on the high end of the scale. (ECF No. 99-3). The requested rates are all within the Vaccine Program's published range for attorneys at her level of overall experience.[3] However, although Ms. Coleman has extensive experience as a practicing attorney, she does *not* have demonstrated Vaccine Act experience – and it is common in the Program to calibrate the rates for "new" Program practitioners a bit. This is done not to penalize such individuals, but to place the rate they receive in the proper context, since rates on the higher end of the OSM schedule are reserved for those attorneys with the most demonstrated specific Vaccine Act experience.

Accordingly, I find it reasonable to reduce Ms. Coleman's hourly rate to $400 per hour for 2020 and $415 per hour for 2021. This reduces the fees to be awarded in thnis matter by $1,007.50.[4] If Ms. Coleman continues to gain experience in the Vaccine Program and appear in more matters, she will certainly be eligible to rate increases in the future, commensurate with her overall experience as an attorney and growing expertise in vaccine injury cases.

---

[3] These rates are derived from the undersigned's application of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of $425 - $400 = $25 x 40.3 = $1,007.50.

## ATTORNEY COSTS

Petitioner requests $1,997.67 in overall costs. (ECF No. 99-2). This amount is comprised of obtaining medical records, pacer fees and the Court's filing fee. I have reviewed all of the requested costs and find them to be reasonable and shall award it in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$93,991.57** (representing $91,993.90 in fees and $1,997.67 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.